


Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| KRISTA LYNETTE GAINES, | CASE NO. 10-60875 |
| Debtor. | ADV. NO. 10-6043 |
| KRISTA LYNETTE GAINES, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION) |
| UNIVERSITY OF AKRON, et al., | |
| Defendants. | |

On September 20, 2011, the plaintiff filed a motion for summary judgment. Defendant, University of Akron, filed a response to plaintiff's motion for summary judgment on October 3, 2011. The motion is now before the court.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor-plaintiff ("plaintiff") filed a chapter 7 petition on March 10, 2010 and received a general discharge on July 7, 2010. On May 7, 2010, the plaintiff filed the above-

captioned adversary proceeding seeking to have student loan debt determined to be dischargeable under 11 U.S.C. § 523(a)(8). Plaintiff's complaint alleges that payment of the student loans would cause an undue hardship for her due to her disabilities of bipolar disorder, personality disorder, and peripheral neuropathy.

The plaintiff moved for summary judgment on September 20, 2011 asserting that there is no genuine dispute of material fact and that she is entitled to judgment as a matter of law. Specifically, the plaintiff asserts that she has met the three-prong test applicable to proceedings under § 523(a)(8) to determine that payment of the student loans would cause an undue hardship on her. With respect to the first prong, the plaintiff asserts that since her monthly income is just $883.00 and since her expenses exceed her income, then she has proven that she cannot maintain a minimal standard of living if forced to repay the student loans. The plaintiff asserts that she has met the second prong since her medical and mental conditions render her unable to maintain gainful employment and since these conditions are long term and not likely to change. Finally, the plaintiff asserts that she made good faith efforts to repay the loans in satisfaction of the third prong by acknowledgment of the loans through requests for deferments of the loans.

The defendant's response to the motion for summary judgment, filed October 3, 2011, argues that the plaintiff is not entitled to summary judgment. The defendant does not address the first and second prongs, but asserts that the plaintiff fails to meet the third prong of the undue hardship test for purposes of 11 U.S.C. § 523(a)(8). Specifically, the defendant asserts that the plaintiff made only one payment toward the student loans,[1] incurred the student loans after becoming disabled and while seeking to be adjudicated as disabled, and filed for bankruptcy relief primarily to discharge her student loan debt.

## LAW

*A.  Summary Judgment Standard*

Federal Rule of Civil Procedure 56(a), applicable to this proceeding by way of Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not appropriate if a material dispute of the facts arises such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The movant bears the initial burden to prove that there is no genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then bears the burden to assert facts that, if proven, would form a basis for granting or denying relief under the governing law. Anderson, 477 U.S. at 248.

*B.  Brunner Test*

The Sixth Circuit adopted the Brunner test to determine if payment of a student loan would cause undue hardship upon a debtor for purposes of 11 U.S.C. § 523(a)(8).

---

[1] The defendant's response is contradictory on this fact, indicating both that "only one voluntary payment was made" and that the plaintiff "only made minimum payments totaling $40.00."

2

Oyler v. Educ. Credit Mgmt. Corp., 397 F.3d 382, 385 (6th Cir. 2005) (following Brunner v. New York State Higher Educ. Serv. Corp., 831 F.2d 395 (2d Cir. 1987)). The Brunner test requires a three-prong analysis: "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." Id. at 385 (quoting Brunner, 831 F.2d at 396). The debtor bears the burden to prove each prong of the Brunner test by a preponderance of the evidence. Oyler, 397 F.3d at 385.

## ANALYSIS

Since the defendant's response does not address the first and second prongs, the court determines that there is no genuine dispute as to any material facts with respect to these prongs. Therefore, whether summary judgment is appropriate depends solely on whether a dispute of fact arises with respect to the third prong of the Brunner test.

The plaintiff asserts that she has met the burden of establishing good faith efforts to repay the loan in satisfaction of the third prong in one way only. She requested deferments on the student loans and by doing so, she acknowledged the debt. By her accounts, these requests for additional time to pay the debt indicate that she acted in good faith.

The defendant, on the other hand, paints a much different picture of the plaintiff's actions with respect to the debt. First, the defendant asserts that she made only one payment of $40.00 on the debt. Second, the defendant alleges that the plaintiff incurred these student loan obligations after becoming disabled and while in the process of seeking an adjudication of her disabled status. Specifically, the defendant represents that the plaintiff became disabled as of June 17, 2005 and that she filed a proceeding to be adjudicated disabled on November 8, 2006, but did not incur the student loans until June 27, 2008. Third, since more than half of the plaintiff's debt is student loan debt, it suggests that the plaintiff filed bankruptcy primarily for the purpose of discharging the student loans. The defendant argues that all of these actions are not consistent with good faith efforts to repay the student loans.

Summary judgment, as noted above, is not appropriate if a material dispute of facts arises such that a verdict for the nonmoving party could be rendered. Anderson, 477 U.S. at 248. In the instant matter, the plaintiff presents one set of facts to assert that she meets the third prong of Brunner. The defendant, however, presents an entirely different set of facts to assert that the plaintiff fails to meet the third prong of Brunner.

This court finds that the dispute between the scenarios painted by each party is a genuine dispute of fact. Whether or not the plaintiff meets the Brunner test is a question of law. Barrett v. Educational Credit Management Corp., 487 F.3d 353, 358 (6th Cir. 2007); In re Cheesman, 25 F.3d 356, 359 (6th Cir. 1994). But each prong of the Brunner test is comprised of factual determinations that are centered around the plaintiff's actions or inaction as the case may be. See Traversa v. Educ. Credit Mgmt. Corp., 386 B.R. 386, 389 (D. Conn. 2008) (noting that determinations of undue hardship are "highly fact sensitive"). The defendant's version of the facts conflict with the plaintiff's version and, therefore, a genuine dispute of fact arises.

The dispute of facts that arises is material because it directly relates to the third prong of the Brunner test and whether or not the plaintiff is able to satisfy her burden of proof with respect to it. Since there is no dispute that the plaintiff is able to meet her burden with respect to the first and second prongs, the third prong is the only hurdle that the plaintiff must overcome. The facts in dispute affect the outcome of the matter. The defendant sets forth facts that, if proven, may indicate that the plaintiff did not make good faith efforts to repay the loan and, therefore, cannot meet her burden of proof with respect to the third prong of the Brunner test. The defendant's allegations may be sufficient to form a basis for denying the relief sought in the plaintiff's complaint. Given that a dispute arises with respect to material facts surrounding the factual inquiry of the Brunner test, this court is unable to determine that the plaintiff is entitled to judgment as a matter of law. Accordingly, summary judgment is not appropriate in this matter.

## CONCLUSION

Based on the foregoing, the court denies the plaintiff's motion for summary judgment. An order will be entered concurrently with this opinion denying the motion for summary judgment.

# # #

**Service List:**

Wayne W Sarna
Community Legal Aid Services, Inc.
First National Tower, 7th Floor
11 Federal Plaza Central
Youngstown, OH 44503

Jaime-Lyn Poh
Community Legal Aid Services Inc
50 South Main St
Ste 800
Akron, OH 44308

Krista Lynette Gaines
175 Chateau Cir.
Orrville, OH 44667

Marc A. Melamed
1100 Superior Avenue, 19th Floor
Cleveland, OH 44114